**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER KANIN, AKA Peter A. Kanin, AKA Petr Kanin, AKA Petr Aleks Kanin, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 14-70762 Agency No. A205-720-624 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Peter Kanin, a native and citizen of Russia, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and de novo questions of law. *Doe v. Holder*, 736 F.3d 871, 877 (9th Cir. 2013). We deny in part and grant in part the petition for review, and we remand.

Kanin does not challenge the agency's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to his CAT claim.

Substantial evidence does not support the agency's determination that Kanin failed to establish that the harm he suffered in Russia as a result of his sexual orientation rose to the level of persecution. *See Ahmed v. Keisler*, 504 F.3d 1183, 1194 (9th Cir. 2007) (physical harm has consistently been treated as persecution, and when an applicant is "victimized at different times over a period of years, the cumulative effect of the harms is severe enough" to compel a finding that the harm rose to the level of persecution). Accordingly, we grant the petition and remand Kanin's asylum and withholding of removal claims to allow the BIA to determine whether he is entitled to a presumption of future fear in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this disposition, we need not reach the issue of whether Kanin had an objectively reasonable fear of future persecution.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**